# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 10-CR-117 |
| **GERALD HUMPHREY** | USM Number: 10527-089 |
| | Christopher J. Cherella |
| | Defendant's Attorney |
| | Brian J. Resler |
| | Assistant United States Attorney |

U.S. DIST. COURT EAST DIST. WISC
FILED
OCT 2 8 2011
AT ____ O'CLOCK ____ M
JON W. SANFILIPPO, CLERK

THE DEFENDANT:

☒ pleaded guilty on May 10, 2011, to a Superseding Information.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) | Possession with Intent to Distribute Marijuana | May 23, 2010 | One |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ The government's oral motion for leave to dismiss the Indictment as to this defendant is granted.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

October 25, 2011
Date of Imposition of Judgment

_(signature)_
Signature of Judicial Officer

**C. N. Clevert, Jr., Chief U.S. District Judge**
Name & Title of Judicial Officer

10/28/11
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

**Defendant: Gerald Humphrey**
**Case Number: 10-CR-117**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons for **a term of "time served" as to the Superseding Information.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal or Pretrial Services.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: Gerald Humphrey
Case Number: 10-CR-117

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of **four (4) years as to the Superseding Information.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess any controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: Gerald Humphrey
Case Number: 10-CR-117

## ADDITIONAL TERMS OF SUPERVISED RELEASE

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant shall not possess any ammunition, firearms, or other dangerous weapons, as such possession will result in revocation of the supervision term.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will be obligated to serve a further term in prison. The defendant shall refrain from any unlawful use of a controlled substance.

4. The defendant shall participate in the Cognitive Intervention Program, if available, and under the guidance and supervision of his supervising probation officer.

5. The defendant shall cooperate in the collection of DNA under the guidance and supervision of her supervising probation officer.

6. The defendant shall participate in a program of testing to include not more than six (6) urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time as he is released from such program. The defendant shall refrain from consuming any alcohol throughout the supervised release term. The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer.

7. The defendant shall provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner, with copies provided to the supervising probation officer immediately after filing.

8. To the extent there is a balance due remaining on the Special Assessment, the defendant shall make payments of not less than $10.00 per month commencing no earlier than 60 days after his release from imprisonment.

AO 245B (Rev 06/05) Judgment in a Criminal Case:
Sheet 5 - Criminal Monetary Penalties

**Defendant: Gerald Humphrey**
**Case Number: 10-CR-117**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution/Buy Money** |
|---|---|---|---|
| **Totals:** | $100.00 | None | None /None |

☐ The defendant shall repay the buy money as a condition of supervised release.

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.
  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: Gerald Humphrey
Case Number: 10-CR-117

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $100.00 for the Special Assessment is due immediately. If the defendant cannot make full and immediate payment, then the balance is to be paid

☐ not later than _____ , or

☒ in accordance ☐ C, ☐ D, ☐ E or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties: To the extent there is a balance remaining on the Special Assessment upon release from custody, he shall make payments of not less $10.00 per month commencing no earlier than 60 days from the start of his supervised release term.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Restitution is joint and several.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit his/her interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.